**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TAMMY JO WILLIAMS,

        Petitioner,                                     Case Number: 2:08-CV-14814

v.                                                          HON. STEPHEN J. MURPHY, III

HEIDI WASHINGTON,

        Respondent.
_____/

## OPINION AND ORDER (1) GRANTING PETITIONER'S MOTION TO AMEND, (2) GRANTING PETITIONER'S MOTION TO STAY HABEAS PROCEEDINGS, AND (3) ADMINISTRATIVELY CLOSING CASE

Petitioner Tammy Jo Williams has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C .§ 2254. Williams, who is currently incarcerated at the Huron Valley Correctional Facility in Ypsilanti, Michigan, challenges her conviction for conspiracy to commit a criminal enterprise. Williams has filed a Motion to Amend Writ of Habeas Corpus and Motion to Stay Habeas Proceedings.

**I.**

Williams pleaded guilty in Luce County Circuit Court to conspiracy to commit a criminal enterprise. In exchange for the plea, the prosecutor dismissed a charge of solicitation of murder. On May 8, 2007, Williams was sentenced to ten to twenty years' imprisonment.

Williams filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

    I.      The defendant's sentence was invalid because it was based on inaccurate information, *i.e.*, improper scoring of the legislatively imposed sentencing guidelines, use of an incorrect burden of proof, and insufficient facts;

> therefore, her due process rights were violated.

> II. Correctly scoring the guidelines would require resentencing.

> III. The defendant received ineffective assistance of trial counsel.

> IV. The judge committed reversible error by using reasons not substantial and compelling nor objective and verifiable when sentencing above the guidelines. Also, when sentencing the judge used his personal opinion and philosophy, and facts not proven beyond a reasonable doubt before a jury, all of which require resentencing before a different judge.

> V. The defendant's sentence must be reversed because it was disproportionate.

The Michigan Court of Appeals denied leave to appeal. *People v. Williams*, No. 284938 (Mich. Ct. App. June 6, 2008). Williams filed an application for leave to appeal in the Michigan Supreme Court, which was denied. *People v. Williams*, 482 Mich. 1044 (Mich. Nov. 5, 2008).

Williams then filed the pending petition for a writ of habeas corpus. She raises the same claims raised in state court, with the exception of the ineffective assistance of trial counsel claim.

## II.

Before the Court are two motions filed by Williams, a Motion to Amend Petition and a Motion to Stay Habeas Proceedings.

Williams seeks to amend her petition to include a claim of ineffective assistance of trial counsel. Section 2242 provides that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. The applicable civil rule, Federal Rule of Civil Procedure 15(a), states that where, as here, a responsive pleading has been filed, a party may amend its pleading "only by leave of court or by written consent of the adverse party; and leave shall

be freely given when justice so requires." Fed. R. Civ. P. 15(a).

The Sixth Circuit has identified the following factors a court should consider in deciding whether to permit an amendment:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (citations omitted). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)

The Motion to Amend was filed just a month after the Respondent's Answer and Rule 5 materials were filed with the Court. Respondent has not opposed the motion. While the Court makes no finding as to the merits or timeliness of the claim Williams seeks to add by amendment, it does not appear to be clearly meritless or frivolous. Considering the relevant factors set forth by the Sixth Circuit, the Court finds that amendment is appropriate in this case and the petition is deemed amended to include the ineffective assistance of counsel claim.

Williams also has filed a Motion to Stay Habeas Proceedings, so that she may raise unexhausted claims in state court which she will then raise in her habeas petition. State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

If outright dismissal of a habeas petition pending exhaustion of state court remedies would jeopardize the timeliness of a future petition, a federal court may stay the federal

3

habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Although Williams filed her petition in this Court well before expiration of the one-year limitations period, the Supreme Court has held that the filing of a federal habeas corpus petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Thus, unless equitably tolled, the limitations period expired during the pendency of this petition. Accordingly, the Court finds that outright dismissal of the petition would jeopardize the timeliness of any future habeas petition.

Williams argues that her unexhausted claims were not presented in state court because her attorney was ineffective. An appellate attorney cannot be expected to raise his or her own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Williams has asserted good cause for failing previously to present her unexhausted claims in state court. In addition, the Court finds that these claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78. The Court shall grant the motion and stay proceedings in this matter pending exhaustion of the additional claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Williams does not delay in exhausting her state court remedies, the Court imposes upon her time limits within which she must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Williams

must present her claims in state court within sixty days from the date of this Order. *See id.* Further, she must ask this Court to lift the stay within sixty days of exhausting her state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

**III.**

Accordingly, it is **ORDERED** that Petitioner's "Motion to Amend Writ of Habeas Corpus" [dkt. #8] is **GRANTED**.

It is further **ORDERED** that Petitioner's "Motion to Stay Habeas Proceedings" [dkt. # 10] is **GRANTED** and the petition for writ of habeas corpus is **STAYED**. Petitioner shall file a motion for relief from judgment with the state trial court within sixty days from the date of this Order. If Petitioner fails to file a motion for relief from judgment by that date, the Court will dismiss the petition for writ of habeas corpus without prejudice.

Petitioner shall file a motion to lift the stay and an amended petition in this court within sixty days after the conclusion of the state court proceedings using the same caption and case number as appear on this order.

It is further **ORDERED** that to avoid administrative difficulties the Clerk of Court **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: March 19, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 19, 2010, by electronic and/or ordinary mail.

                                           s/Alissa Greer
                                           Case Manager