UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY WILLIAMS,

          Petitioner,          Case Number: 2:08-cv-14814

v.                                 HONORABLE STEPHEN J. MURPHY, III

HEIDI WASHINGTON,

          Respondent.
_____/

**OPINION AND ORDER DENYING
PETITION FOR WRIT OF HABEAS CORPUS** (document no. 1),
**DISMISSING THE CASE, AND DENYING CERTIFICATE OF APPEALABILITY**

Williams filed a habeas petition under 28 U.S.C. § 2254. She is a state inmate currently incarcerated at the Huron Valley Correctional Facility in Ypsilanti, Michigan. In her petition, she challenges her conviction for conspiracy to commit a criminal enterprise. Respondent argues that the claims are not cognizable on habeas review and without merit. For the following reasons, the Court will deny habeas relief.

**BACKGROUND**

Williams was charged in Luce County Circuit Court with solicitation to commit murder and conspiracy to commit a criminal enterprise. She was accused of conspiring with her boyfriend, Robert Dagliesh, to solicit a prison inmate to murder her estranged husband, a corrections officer. On March 20, 2007, she pleaded guilty to the conspiracy charge in exchange for the dismissal of the solicitation of murder charge. Williams was sentenced, on May 8, 2007, to ten to twenty years' imprisonment.

In November 2007, Williams filed a motion for resentencing in the trial court. The trial court denied the motion. *See* Order, ECF No. 1-2, Pg. ID 94–96. Williams filed a delayed

application for leave to appeal in the Michigan Court of Appeals, raising five claims: (1) sentence based on inaccurate information; (2) guidelines incorrectly scored; (3) ineffective assistance of trial counsel; (4) sentencing court improperly departed from the sentencing guidelines; and (5) sentence was disproportionate. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the ground presented." *People v. Williams*, No. 284938 (Mich. Ct. App. June 6, 2008), ECF No. 7-8. Williams sought leave to appeal in the Michigan Supreme Court raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Williams*, 482 Mich. 1044 (Mich. 2008).

Williams then filed a habeas corpus proceeding, raising several sentencing-related claims. She also sought a stay of the habeas corpus proceeding to allow her to return to state court and present additional claims. Mot., ECF No. 10. The Court granted her request for a stay. *See* Order, ECF No. 11.

Williams filed a motion for relief from judgment in the trial court and raised two claims: (1) no evidence supported her guilty plea, and (2) her trial and appellate counsel were ineffective for failing to address judicial prejudice. Mot., ECF No. 20-3. The trial court denied the motion for relief from judgment. *See* Order, ECF No. 20-4. Williams filed several motions related to the alleged prejudice of the trial court judge; each was denied. *See, e.g.*, Mots., ECF Nos. 20-5, 20-7, 20-9, 20-13. She then sought to amend her motion for relief from judgment to raise claims that an offense variable was improperly scored and the trial court lacked jurisdiction over her case. *See* Mot. and Order, ECF No. 20-18. The trial court denied her motion to amend. *Id.* Williams sought leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court. Both state appellate courts denied leave to appeal.

*See People v. Williams*, No. 314404 (Mich. Ct. App. Sept. 6, 2013); *People v. Williams,* 495 Mich. 918 (Mich. Dec. 23, 2013).

Williams returned to the Court with an amended habeas petition and moved for the habeas proceeding to be reopened. *See* Pet., ECF No. 13.[1] The Court granted the request and the matter was reopened. *See* Order, ECF No. 14. The petition, as amended, raises these claims:

I. Williams' sentence was invalid because it was based on inaccurate information, i.e. improper scoring of the legislatively imposed sentencing guidelines, use of an incorrect burden of proof, and insufficient facts; therefore, her due process rights were violated.

II. Correctly scoring the guidelines would require resentencing.

III. The judge committed reversible error by using reasons not substantial and compelling nor objective and verifiable when sentencing above the guidelines. Also, when sentencing he used his personal opinion and philosophy and facts not proven beyond a reasonable doubt before a jury, all of which require resentencing before a different judge.

IV. Williams' sentence must be reversed because it was disproportionate.

V. Williams was sentenced based on inaccurate information, in that she was scored 10 points for offense variable 4.

VI. The trial court had no jurisdiction to hear this case because, while Williams' co-conspirator was in Luce County, Williams was in Emmet County at the time of the crime.

VII. Williams' trial counsel was ineffective for not raising offense variable 4 as an issue and for not addressing the jurisdiction issue.

## STANDARD OF REVIEW

---

[1] Although styled as a "Petition for Write of Habeas Corpus," the Court construed the filing as a motion to reopen proceedings. *See* Order, ECF No. 14.

3

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to a writ of habeas corpus only if she can show that the state court's adjudication of his claims:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. . . . The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520–21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v.*

*Richter*, 562 U.S. 86, 101 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 102–03 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Greene v. Fisher*, 132 S. Ct. 38, 44 (2011). Section 2254(d) "does not require citation of [Supreme Court] cases — indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Id.*

5

**DISCUSSION**

I. <u>Sentencing-Related Claims</u>

Williams raises several arguments related to her sentence. She argues that her guidelines were improperly scored, her sentence was based upon inaccurate information and that the trial court failed to provide substantial and compelling reasons for departing from the sentencing guidelines. Pet. 4–5, ECF No. 1. She claims that her sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004), because it is based upon facts not proven beyond a reasonable doubt or admitted by her. *Id.* at 4. She also argues that the trial judge sentenced her based upon the judge's own philosophical ideas and violated the separation of powers and that her sentence was disproportionate to her crime. *Id.* at 6.

First, Williams' claim that the state trial court incorrectly scored or calculated her sentencing guidelines range under the Michigan Sentencing Guidelines is not cognizable on federal habeas review because it is based solely on state law. *See McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Therefore, a claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is non-cognizable on habeas corpus review. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003).

Second, Williams claims that her sentence is unconstitutional because it was based upon inaccurate information. A sentence violates due process if it is based on "misinformation of constitutional magnitude[,]" *Roberts v. United States*, 445 U.S. 552, 556 (1980), or "extensively and materially false" information, which the defendant had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736 (1948). "*Townsend* and its

progeny are generally viewed as having established a due process requirement that a defendant be afforded the opportunity of rebutting derogatory information demonstrably relied upon by the sentencing judge, when such information can in fact be shown to have been materially false." *Stewart v. Erwin*, 503 F.3d 488, 495 (6th Cir. 2007) (internal quotation omitted).

Williams was provided an opportunity to challenge the scoring of the contents of her presentence information report, and raised her sentencing claims to the state courts on appeal. She therefore had an opportunity to rebut the information relied upon by the sentencing court. This opportunity satisfied the *Townsend* requirements. Williams fails to establish that the state trial court relied upon materially false or inaccurate information in imposing his sentence which she had no opportunity to correct. No due process violation occurred.

Third, Williams argues that the trial court failed to provide substantial and compelling reasons for the upward departure from her sentencing guidelines. "The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). The requirement that a sentencing court articulate a "substantial and compelling reason" for departure from the sentencing guidelines is found in Michigan, not federal, law. *See* Mich. Comp. Laws § 769.34(3). Whether a state court judge articulates substantial and compelling reasons for departing from the sentencing guidelines is a matter of state law. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state

concern only."); *see also McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). "[A] mere error of state law is not a denial of due process." *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011) (internal quotations omitted). Thus, this claim is not cognizable on federal habeas review.

Williams also contends that the trial court violated her Sixth Amendment right to a trial by jury by scoring certain offense variables with factors that had not been proven beyond a reasonable doubt or admitted by her. The Supreme Court has held that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013). *Alleyne* is an extension of the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), in which the Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. In reaching this conclusion, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002), which had held that only factors that increase the maximum, as opposed to the minimum, sentence must be proven beyond a reasonable doubt to a factfinder. *Alleyne*, 133 S. Ct. at 2157–58.

At the time of Petitioner's conviction and sentence, *Harris* was good law. In addition, *Alleyne* has not been made retroactive to cases on collateral review. *See In re Mazzio*, 756 F.3d 487, 489–90 (6th Cir. 2014). Because the Supreme Court at the time of Williams' conviction did not require that facts which increase a criminal defendant's minimum sentence be proven beyond a reasonable doubt, Williams is not entitled to habeas relief on her claim. *See Gibson v. Tribley*, No. 10-13364, 2013 WL 3353905, at *8 (E.D. Mich.

July 3, 2013).

Moreover, the Supreme Court's holding in *Alleyne* "dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range," which is what occurred in Williams' case. *See United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014). The Michigan Supreme Court recently relied on the *Alleyne* decision in holding that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial. *People v. Lockridge*, 498 Mich. 358 (2015). But Williams cannot rely on *Lockridge* to obtain relief from the Court because "[t]he Michigan Supreme Court's decision in *Lockridge* does not render the result 'clearly established' for purposes of habeas review." *Haller v. Campbell*, No. 1:16-cv-206, 2016 WL 1068744, at * 5 (W.D. Mich. Mar. 18, 2016). The Sixth Circuit has ruled that *Alleyne* does not apply to sentencing guidelines factors. *See id.* at *6 (collecting cases).

Reasonable jurists could therefore, at a minimum, disagree about whether *Alleyne* applies to the calculation of Michigan's minimum sentencing guidelines. "*Alleyne* therefore did not clearly establish the unconstitutionality of the Michigan sentencing scheme and cannot form the basis for habeas corpus relief." *Id.*; *see also Perez v. Rivard*, No. 2:14-cv-12326, 2015 WL 3620426, at *12 (E.D. Mich. June 9, 2015) (petitioner not entitled to habeas relief on claim that his sentencing guidelines scored in violation of *Alleyne*). Williams is not entitled to habeas relief on this claim.

Next, Williams argues that the trial court improperly sentenced her according to the judge's own philosophical beliefs in violation of the separation of powers. "[T]he concept of separation of powers embodied in the United States Constitution is not mandatory in state governments." *Sweezy v. New Hampshire*, 354 U.S. 234, 255 (1957). Therefore, this

9

claim is not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991), *quoting Louis v. Jeffers*, 497 U.S. 764, 780 (1990) (holding that "federal habeas corpus review does not lie for errors of state law").

Finally, Williams argues that her sentence is disproportionate. The Supreme Court has held that "the Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan,* 501 U.S. 957, 1001 (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). Courts reviewing Eighth Amendment proportionality must remain highly deferential to the legislatures in determining the appropriate punishments for crimes. *United States v. Layne*, 324 F.3d 464, 473–74 (6th Cir. 2003), citing *Harmelin*, 501 U.S. at 999. "In implementing this 'narrow proportionality principle,' the Sixth Circuit has recognized that 'only an extreme disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)). As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949). Williams' sentence falls within the statutory maximum; therefore, this Court defers to the decision of the state court. *See Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) ("A sentence within the statutory maximum . . . generally does not constitute cruel and unusual punishment.") (internal quotation omitted).

II.     Jurisdiction-Related Claim

Williams argues that the Luce County Circuit Court lacked jurisdiction over her because, although her co-conspirator acted in furtherance of the conspiracy while in Luce

County, she was located in Emmet County. Questions concerning whether a state court is vested with jurisdiction under state law and matters concerning venue are "function[s] of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir.1976). Moreover, under Michigan law, in a conspiracy case, venue is appropriate in any jurisdiction in which an overt act in furtherance of the conspiracy occurred. *People v. Meredith*, 209 Mich. App. 403, 409 (1995).

III.     Ineffective Assistance of Trial Counsel Claim

Finally, Williams argues that her trial attorney was ineffective in failing to object to the trial court's lack of jurisdiction and in failing to challenge the trial court's scoring of offense variable four.

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct" and instead "emphasized that "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688).

11

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In guilty plea cases, the "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland,* 466 U.S. at 687.

Williams has failed to show that the trial court lacked jurisdiction over this case. Moreover, during the plea hearing, Williams admitted that her co-conspirator, while located in Luce County, attempted to solicit someone to murder her estranged husband. Her attorney, therefore, was not ineffective in failing to raise a meritless objection.

Williams also argues that her attorney was ineffective in failing to object to the scoring of offense variable four ("OV 4"). OV 4 is properly scored at 10 points if the victim suffers serious psychological injury which may require professional treatment. Mich. Comp. Laws § 777.34. Williams argues that because conspiracy is considered a crime against public safety, rather than a crime against a person, 10 points should not have been scored. Under Michigan law, OV 4 may be scored when a defendant has been convicted of conspiracy. *See* Mich. Comp. Laws § 777.22(5) ("For all crimes against public safety, score

12

offense variables 1, 3, 4, . . . ."). Williams has failed to show that OV 4 was improperly scored and her attorney, therefore, was not ineffective in failing to object.

IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that none of the claims in the habeas petition warrant relief. Therefore, the Court denies a certificate of appealability.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus (document no. 1) is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED.**

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: September 30, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2016, by electronic and/or ordinary mail.

                        s/Carol Cohron
                        Case Manager